**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| APOTEX INC. and APOTEX CORP., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No.: _____

**COMPLAINT**

Novartis Pharmaceuticals Corporation ("Novartis"), by its attorneys, hereby alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, against Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex" or "Defendants"). This action relates to Abbreviated New Drug Application ("ANDA") No. 221036 ("Apotex's ANDA") filed by Defendants with the United States Food and Drug Administration ("FDA"), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic versions of Novartis's Tafinlar® (dabrafenib) capsules, 50 mg and 75 mg ("Apotex's ANDA Product"), prior to the expiration of U.S. Patent Nos. 7,994,185 ("the '185 patent"), 8,415,345 ("the '345 patent"), 8,703,781 ("the '781 patent"), and 9,233,956 ("the '956 patent") (collectively "the Asserted Patents").

2.     Apotex notified Novartis by letter dated December 24, 2025 ("Apotex's Notice Letter") that it had submitted to the FDA ANDA No. 221036, seeking approval from the FDA to

engage in the commercial manufacture, use, sale, offer for sale, and/or importation of dabrafenib capsules, 50 mg and 75 mg, prior to the expiration of the Asserted Patents.

3.     This action was commenced within 45 days of Novartis's receipt of the Apotex Notice Letter.

## **PARTIES**

4.     Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.

5.     On information and belief, Apotex Inc. is a company organized and existing under the laws of Canada, with a principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.

6.     On information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

7.     On information and belief, Apotex Corp. is the U.S. subsidiary of Apotex Inc., acts at the direction, and for the benefit, of Apotex Inc., and is controlled and/or dominated by Apotex Inc. Alternatively, on information and belief, Apotex Corp. and Apotex Inc. act at the direction, and for the benefit, of a common corporate parent, and are controlled and/or dominated by said common corporate parent.

8.     On information and belief, Apotex is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

## JURISDICTION

9.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

10.     This Court has personal jurisdiction over Defendant Apotex Corp.

11.     Apotex Corp. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware located at 800 North State Street Suite 304, Dover, Delaware 19901. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Apotex Corp., acting in concert with Apotex Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Novartis's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

12.     On information and belief, Apotex Corp. knows and intends that following any approval of Apotex's ANDA No. 221036, Apotex Corp. will, in concert with Apotex Inc., manufacture and import into the United States Apotex's ANDA Product and directly or indirectly market, sell, and distribute Apotex's ANDA Product throughout the United States, including in Delaware. On information and belief, following any FDA approval of ANDA No. 221036, Apotex Corp. knows and intends that Apotex's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

13.     Apotex Corp. has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type

described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

14.     On information and belief, Apotex Corp., with knowledge of the Hatch-Waxman Act process, directed Apotex's Notice Letter to Novartis Pharmaceuticals Corporation, an entity incorporated in Delaware, and alleged in Apotex's Notice Letter that claims of the Asserted Patents are invalid and/or not infringed. On information and belief, Apotex Corp. knowingly and deliberately challenged Novartis's patent rights, and knew when it did so that it was triggering the provisions of the Hatch-Waxman Act for Novartis to bring an action for patent infringement.

15.     Because Novartis is incorporated in Delaware, Novartis suffers injury and consequences from Apotex Corp.'s filing of Apotex's ANDA, challenging Novartis's patent rights in Delaware. On information and belief, Apotex Corp. knew that it was deliberately challenging the patent rights of a Delaware entity. Apotex Corp. has been a litigant in connection with other infringement actions under the Hatch-Waxman Act and reasonably should have anticipated that by sending Apotex's Notice Letter to Novartis Pharmaceuticals Corporation, a Delaware corporation, it would be sued in Delaware for patent infringement.

16.     On information and belief, if Apotex's ANDA is approved, Apotex Corp. will directly or indirectly market, sell, and/or distribute Apotex's ANDA Product within the United States, including in Delaware, consistent with Apotex Corp.'s practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Apotex Corp. regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Apotex Corp.'s generic

pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Apotex's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of the claims of the Asserted Patents in the event that Apotex's ANDA Product is approved before the patents expire.

17.    On information and belief, Apotex Corp. derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Apotex Corp. and/or for which Apotex Corp. is the named applicant on approved ANDAs. On information and belief, various products for which Apotex Corp. is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

18.    This Court has personal jurisdiction over Defendant Apotex Inc.

19.    Apotex Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Apotex Inc., acting in concert with Apotex Corp., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Novartis's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

20.    On information and belief, Apotex Inc. knows and intends that following any approval of Apotex's ANDA No. 221036, Apotex Inc. will, in concert with Apotex Corp., manufacture and import into the United States Apotex's ANDA Product and directly or indirectly market, sell, and distribute Apotex's ANDA Product throughout the United States, including in

Delaware. On information and belief, following any FDA approval of ANDA No. 221036, Apotex Inc. knows and intends that Apotex's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

21.    Apotex Inc. has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

22.    On information and belief, Apotex Inc., with knowledge of the Hatch-Waxman Act process and in concert with Apotex Corp., directed Apotex's Notice Letter to Novartis, an entity incorporated in Delaware, and alleged in Apotex's Notice Letter that each claim of the Asserted Patents is invalid and/or not infringed. On information and belief, Apotex Inc. knowingly and deliberately challenged Novartis's patent rights and knew when it did so that it was triggering the provisions of the Hatch-Waxman Act for Novartis to bring an action for patent infringement.

23.    Because Novartis is incorporated in Delaware, Novartis suffers injury and consequences from Apotex Inc.'s filing of Apotex's ANDA, challenging Novartis's patent rights in Delaware. On information and belief, Apotex Inc. knew that it was deliberately challenging the patent rights of a Delaware entity. Apotex Inc. has been a litigant in connection with at least one other infringement action under the Hatch-Waxman Act and reasonably should have anticipated that by sending Apotex's Notice Letter to Novartis, a Delaware corporation, that it should be sued in Delaware for patent infringement.

24.    On information and belief, if Apotex's ANDA is approved, Apotex Inc. will directly or indirectly market, sell, and/or distribute Apotex's ANDA Product within the United

States, including in Delaware, consistent with Apotex Inc.'s practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Apotex Inc., including in concert with Apotex Corp., regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Apotex Inc.'s generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Apotex's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of the claims of the Asserted Patents in the event that Apotex's ANDA Product is approved before the patents expire.

25.     Alternatively, if Apotex Inc.'s connections with Delaware, including its connections with Apotex Corp., are found to be insufficient to confer personal jurisdiction, then upon information and belief, Apotex Inc. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Apotex Inc. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

26.     In addition, this Court has personal jurisdiction over Apotex because Apotex Corp. and Apotex Inc. regularly engage in patent litigation concerning FDA-approved branded drug products in this District, do not contest personal jurisdiction and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Bayer HealthCare Pharmaceuticals Inc. et al. v. Apotex Inc. et al.*, Case No. 25-1262-JLH, D.I. 14 (D. Del. Jan. 28, 2026); *Pfizer Inc. et al. v. Apotex Inc.*, Case No. 25-1532-GBW, D.I. 9 (D. Del. Jan. 6, 2026); *Pfizer Inc. et al. v. Apotex Inc.*, Case No. 25-1306-GBW, D.I.

9 (D. Del. Dec. 16, 2025); *Bayer Intellectual Property GmbH et al. v. Apotex Inc. et al.*, Case No. 23-327-RGA, D.I. 11 (D. Del. June 30, 2023); *Bayer Pharma AG et al. v. Apotex Inc. et al.*, Case No. 22-1596-RGA, D.I. 11 (D. Del. Mar. 7, 2023); *Bayer Healthcare LLC et al. v. Apotex Inc. et al.*, Case No. 21-1429-WCB, D.I. 14 (D. Del. Mar. 1, 2022); *Bial-Portela & CA S.A. v. Apotex Inc. et al.*, Case No. 21-187-CFC, D.I. 6 (D. Del. Mar. 3, 2021); *Merck Sharp & Dohme Corp. v. Apotex Inc. et al.*, Case No. 20-749-RGA, D.I. 7 (D. Del. June 26, 2020).

## VENUE

27.     Venue is proper in this District as to Apotex Corp. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware.

28.     Venue is proper in this District for Apotex Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Apotex Inc. is a corporation organized and existing under the laws of Canada and is subject to personal jurisdiction in this judicial district.

## THE ASSERTED PATENTS AND TAFINLAR®

29.     Novartis Pharmaceuticals Corporation is the owner of the '185 patent, titled "BENZENE SULFONAMIDE THIAZOLE AND OXAZOLE COMPOUNDS." The '185 patent was duly and legally issued on August 9, 2011. A true and correct copy of the '185 patent is attached hereto as Exhibit A.

30.     Novartis Pharmaceuticals Corporation is the owner of the '345 patent, titled "BENZENE SULFONAMIDE THIAZOLE AND OXAZOLE COMPOUNDS." The '345 patent was duly and legally issued on April 9, 2013. A true and correct copy of the '345 patent is attached hereto as Exhibit B.

31.     Novartis Pharmaceuticals Corporation is the owner of the '781 patent, titled "PHARMACEUTICAL COMBINATION OF MEK INHIBITOR AND B-RAF INHIBITORS."

The '781 patent was duly and legally issued on April 22, 2014. A true and correct copy of the '781 patent is attached hereto as Exhibit C.

32.    Novartis Pharmaceuticals Corporation is the owner of the '956 patent, titled "BENZENE SULFONAMIDE THIAZOLE AND OXAZOLE COMPOUNDS." The '956 patent was duly and legally issued on January 12, 2016. A true and correct copy of the '956 patent is attached hereto as Exhibit D.

33.    Novartis is the holder of New Drug Application ("NDA") No. 202806 by which the FDA granted approval for the commercial manufacturing, marketing, sale, and use of Tafinlar® (dabrafenib) oral capsules. Tafinlar® is currently indicated (1) as a single agent for the treatment of patients with unresectable or metastatic melanoma with BRAF V600E mutation as detected by an FDA-approved test and (2) in combination with trametinib for (a) the treatment of patients with unresectable or metastatic melanoma with BRAF V600E or V600K mutations as detected by an FDA-approved test, (b) the adjuvant treatment of patients with melanoma with BRAF V600E or V600K mutations, as detected by an FDA-approved test, and involvement of lymph node(s), following complete resection, (c) the treatment of patients with metastatic non-small cell lung cancer with BRAF V600E mutation as detected by an FDA-approved test, (d) the treatment of patients with locally advanced or metastatic anaplastic thyroid cancer with BRAF V600E mutation, as detected by an FDA-approved test, and with no satisfactory locoregional treatment options, (e) the treatment of adult and pediatric patients 1 year of age and older with unresectable or metastatic solid tumors with BRAF V600E mutation who have progressed following prior treatment and have no satisfactory alternative treatment options, and (f) the treatment of pediatric patients 1 year of age and older with low-grade glioma with a BRAF V600E mutation who require systemic therapy.

34.    The FDA's official publication of approved drugs (the "Orange Book") lists the Asserted Patents in connection with Tafinlar®.

## INFRINGEMENT OF THE ASSERTED PATENTS

## FIRST COUNT FOR PATENT INFRINGEMENT ('185 PATENT)

35.    Novartis realleges, and incorporates in full herein, each preceding paragraph.

36.    Novartis received the Apotex Notice Letter dated December 24, 2025, purporting to include a Notification of Certification under § 505(j)(2)(B)(iv) of the Federal Food, Drug, and Cosmetic Act ("the Act") as to the '185 patent.

37.    The '185 patent claims, *inter alia*, a compound of dabrafenib or a pharmaceutically acceptable salt thereof.

38.    Claim 1 recites: A compound of formula

or a pharmaceutically acceptable salt thereof.

39.    At least one claim, including claim 1, of the '185 patent covers Tafinlar®.

40.    Upon information and belief, Defendants submitted ANDA No. 221036 to the FDA, under Section 505(j) of the Act, and 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic dabrafenib oral capsules, 50 mg and 75 mg, in or into the United States, including Delaware, prior to the expiration of the '185 patent.

41.    Upon information and belief, Defendants' proposed generic dabrafenib oral capsules that are the subject of ANDA No. 221036 contain dabrafenib or a pharmaceutically acceptable salt thereof according to claim 1 of the '185 patent. Defendants' generic dabrafenib oral capsules will therefore directly infringe at least claim 1 of the '185 patent.

42.    Upon information and belief, Defendants' generic dabrafenib oral capsules, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '185 patent under 35 U.S.C. § 271(a).

43.    Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim, including claim 1, of the '185 patent by submitting, or causing to be submitted to the FDA, ANDA No. 221036 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' generic dabrafenib oral capsules before the expiration date of the '185 patent. Upon information and belief, the dabrafenib oral capsules described in ANDA No. 221036 would infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '185 patent under 35 U.S.C. § 271(e)(2)(A).

44.    Upon information and belief, Defendants had actual knowledge of the '185 patent prior to the submission of ANDA No. 221036 to the FDA.

45.    Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 221036 complained of herein were done by and for the benefit of Defendants.

46.    If Defendants' marketing and sale of generic dabrafenib oral capsules prior to the expiration of the '185 patent and all other relevant activities are not enjoined, Novartis will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## SECOND COUNT FOR PATENT INFRINGEMENT ('345 PATENT)

47.     Novartis realleges, and incorporates in full herein, each preceding paragraph.

48.     Novartis received the Apotex Notice Letter dated December 24, 2025, purporting

to include a Notification of Certification under § 505(j)(2)(B)(iv) of the Act as to the '345 patent.

49.     The '345 patent claims, *inter alia*, a genus of compounds including dabrafenib.

50.     Claim 1 recites: A compound of formula (I)

wherein:

a is 0, 1, 2 or 3;

each $R^1$ is the same or different and is independently selected from halo, alkyl,

haloalkyl, $R^6$ —$OR^6$, —$CO_2R^6$, —$NR^6R^7$, and —CN;

Ring A is selected from $C_{3-6}$cycloalkyl, phenyl, 5-6 membered heterocycle and 5-6

membered heteroaryl, said heterocycle and said heteroaryl each having 1 or 2

heteroatoms selected from N, O and S;

each of $Q^1$, $Q^2$, $Q^3$ and $Q^4$ is CH, C—$R^2$ or N, wherein not more than one of $Q^1$, $Q^2$,

$Q^3$, and $Q^4$ is N;

each $R^2$ is the same or different and is independently selected from halo, alkyl,

haloalkyl, and —$OR^6$;

W is selected from —O— and —S—;

$R^3$ is selected from H, alkyl, haloalkyl-, -alkylene-OH, —$NR^6R^7$, —$C_{3-6}$cycloalkyl, -alkylene-C(O)—OH, -alkylene-$NH_2$, and Het;

wherein said $R^3C_{3-6}$cycloalkyl is optionally substituted with 1 or 2 substituents which are the same or different and are independently selected from halo, $C_{1-3}$alkyl, halo$C_{1-3}$alkyl, OH, O—$C_{1-3}$alkyl, oxo, S($C_{1-3}$alkyl), $SO_2$, $NH_2$, N(H)$C_{1-3}$alkyl and N($C_{1-3}$alkyl)$_2$;

Het is a 5-6 membered heterocycle having 1 or 2 heteroatoms selected from N, O and S and optionally substituted with 1 or 2 substituents which are the same or different and are each independently selected from halo, $C_{1-3}$alkyl, halo$C_{1-3}$alkyl, O—$C_{1-3}$alkyl, $C_{1-3}$alkylene-O—$C_{1-3}$alkyl, OH, $C_{1-3}$alkylene-OH, oxo, $SO_2$($C_{1-3}$alkyl), $C_{1-3}$alkylene-$SO_2$($C_{1-3}$alkyl), $NH_2$, N(H)$C_{1-3}$alkyl, N($C_{1-3}$alkyl)$_2$, CN, and —$CH_2CN$;

$R^4$ is selected from H, alkyl, haloalkyl, alkenyl, —$OR^6$, —$R^5$—$OR^6$, —$R^5$—$CO_2R^6$, —$R^5$—$SO_2R^6$, —$R^5$—Het, —$R^5$—C(O)—Het, —N(H)$R^8$, —N($CH_3$)$R^8$, and —$R^5$—$NR^6R^7$;

each $R^5$ is the same or different and is independently $C_{1-4}$olkylene;

each $R^6$ and each $R^7$ is the same or different and is independently selected from H, alkyl, haloalkyl, —C(O)-alkyl, and —C(O)-cycloalkyl;

$R^8$ is selected from H, alkyl (optionally substituted by —OH), haloalkyl, $C_{3-6}$cycloalkyl, —$R^5$—$C_{3-6}$cycloalkyl, Het$^2$, —$R^5$—Het$^2$, —$R^5$—$OR^6$, —$R^5$—O—$R^5$—$OR^6$, —$R^5$—C(O)$_2R^6$, —$R^5$—C(O)$NR^6R^7$, —$R^5$—N(H)C(O)—$R^6$, —$R^5$—N(H)C(O)—$R^5$—$OR^6$, —$R^5$—N(H)C(O)$_2$—$R^6$, —$R^5$—$NR^6R^7$, —$R^5$—S(O)$_2R^6$, —$R^5$—CN, and —$R^5$—N(H)S(O)$_2R^6$;

13

wherein said $R^8 C_{3-6}$cycloalkyl is optionally substituted with 1 or 2 substituents which are the same or different and are independently selected from halo, $C_{1-3}$alkyl, halo$C_{1-3}$alkyl, OH, O—$C_{1-3}$alkyl, oxo, S($C_{1-3}$alkyl), $SO_2$($C_{1-3}$alkyl), $NH_2$, N(H)$C_{1-3}$alkyl and N($C_{1-3}$alkyl)$_2$, and N(H)$SO_2 C_{1-3}$alkyl; and

Het$^2$ is a 4-6 membered heterocycle having 1 or 2 heteroatoms selected from N, O and S and optionally substituted with 1, 2, 3, 4 or 5 $C_{1-3}$alkyl or 1 or 2 substituents which are the same or different and are each independently selected from halo, $C_{1-3}$alkyl, halo$C_{1-3}$alkyl, O—$C_{1-3}$alkyl, $C_{1-3}$alkylene-O—$C_{1-3}$alkyl, OH, $C_{1-3}$alkylene-OH, oxo, $SO_2$($C_{1-3}$alkyl), $C_{1-3}$alkylene-$SO_2$($C_{1-3}$alkyl), $NH_2$, N(H)$C_{1-3}$alkyl, N($C_{1-3}$alkyl)$_2$, N(H)$SO_2 C_{1-3}$alkyl, C(O)($C_{1-3}$alkyl), $CO_2$($C_{1-4}$alkyl), CN, and —$CH_2$CN; and pharmaceutically acceptable salts thereof.

51.    At least one claim, including claim 1, of the '345 patent covers Tafinlar®.

52.    Upon information and belief, Defendants submitted ANDA No. 221036 to the FDA, under Section 505(j) of the Act, and 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic dabrafenib, 50 mg and 75 mg, oral capsules in or into the United States, including Delaware, prior to the expiration of the '345 patent.

53.    Upon information and belief, Defendants' proposed generic dabrafenib oral capsules that are the subject of ANDA No. 221036 contain dabrafenib according to claim 1 of the '345 patent. Defendants' generic dabrafenib oral capsules will therefore directly infringe at least claim 1 of the '345 patent.

54.     Upon information and belief, Defendants' generic dabrafenib oral capsules, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '345 patent under 35 U.S.C. § 271(a).

55.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim, including claim 1, of the '345 patent by submitting, or causing to be submitted to the FDA, ANDA No. 221036 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' generic dabrafenib oral capsules before the expiration date of the '345 patent. Upon information and belief, the dabrafenib oral capsules described in ANDA No. 221036 would infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '345 patent under 35 U.S.C. § 271(e)(2)(A).

56.     Upon information and belief, Defendants had actual knowledge of the '345 patent prior to the submission of ANDA No. 221036 to the FDA.

57.     Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 221036 complained of herein were done by and for the benefit of Defendants.

58.     If Defendants' marketing and sale of generic dabrafenib oral capsules prior to the expiration of the '345 patent and all other relevant activities are not enjoined, Novartis will suffer substantial and irreparable harm for which there is no adequate remedy at law.

### THIRD COUNT FOR PATENT INFRINGEMENT ('781 PATENT)

59.     Novartis realleges, and incorporates in full herein, each preceding paragraph.

60.     Novartis received the Apotex Notice Letter dated December 24, 2025, purporting to include a Notification of Certification under § 505(j)(2)(B)(iv) of the Act as to the '781 patent.

61.     The '781 patent claims, *inter alia*, a combination of dabrafenib and trametinib.

62.    Claim 1 recites: A combination comprising:

(i) a compound of formula (I)

or a pharmaceutically acceptable salt or solvate thereof; and

(ii) a compound of formula (II)

or a pharmaceutically acceptable salt thereof.

63.    At least one claim, including claim 1, of the '781 patent covers Tafinlar® in combination with Novartis's Mekinist® (trametinib) tablets, 0.5 mg and 2 mg.

64.    Upon information and belief, Defendants submitted ANDA No. 221036 to the FDA, under Section 505(j) of the Act, and 21 U.S.C. § 355(j), seeking FDA approval to engage in

the commercial manufacture, use, sale, offer for sale, and/or importation of generic dabrafenib, 50 mg and 75 mg, oral capsules in or into the United States, including Delaware, prior to the expiration of the '781 patent.

65.     Upon information and belief, Defendants' proposed generic dabrafenib oral capsules that are the subject of ANDA No. 221036 contain dabrafenib according to claim 1 of the '781 patent. Defendants' generic dabrafenib oral capsules, when used in combination with trametinib, will therefore directly infringe at least claim 1 of the '781 patent.

66.     Upon information and belief, Defendants' generic dabrafenib oral capsules, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '781 patent, when used in combination with trametinib, under 35 U.S.C. § 271(a).

67.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim, including claim 1, of the '781 patent by submitting, or causing to be submitted to the FDA, ANDA No. 221036 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' generic dabrafenib oral capsules before the expiration date of the '781 patent. Upon information and belief, the dabrafenib oral capsules described in ANDA No. 221036 would infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '781 patent, when used in combination with trametinib, under 35 U.S.C. § 271(e)(2)(A).

68.     Upon information and belief, Defendants had actual knowledge of the '781 patent prior to the submission of ANDA No. 221036 to the FDA.

69.     Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 221036 complained of herein were done by and for the benefit of Defendants.

70.     If Defendants' marketing and sale of generic dabrafenib oral capsules prior to the expiration of the '781 patent and all other relevant activities are not enjoined, Novartis will suffer substantial and irreparable harm for which there is no adequate remedy at law.

### FOURTH COUNT FOR PATENT INFRINGEMENT ('956 PATENT)

71.     Novartis realleges, and incorporates in full herein, each preceding paragraph.

72.     Novartis received the Apotex Notice Letter dated December 24, 2025, purporting to include a Notification of Certification under § 505(j)(2)(B)(iv) of the Act as to the '956 patent.

73.     The '956 patent claims, *inter alia*, a method for treating susceptible neoplasm comprising administering an effective amount of dabrafenib.

74.     Claim 1 recites: A method for treating a susceptible neoplasm selected from melanoma and non-small cell lung cancer in a mammal in need thereof comprising the steps of:

(a)     analyzing a sample from said neoplasm to determine whether an activating mutation is present in the coding sequence for B-Raf in cells of said neoplasm;

(b)     selecting a mammal having said neoplasm with an activating mutation in the coding sequence for B-Raf; and

(c)     administering a therapeutically effective amount the compound of formula

or a pharmaceutically acceptable salt thereof to the mammal selected in step (b).

75.      At least one claim, including claim 1, of the '956 patent covers the use of Tafinlar®.

76.      Upon information and belief, Defendants submitted ANDA No. 221036 to the FDA, under Section 505(j) of the Act, and 21 U.S.C. § 355(j), seeking FDA approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of generic dabrafenib, 50 mg and 75 mg, oral capsules in or into the United States, including Delaware, prior to the expiration of the '956 patent.

77.      Upon information and belief, if the FDA approves ANDA No. 221036, physicians, health care providers, and/or patients will use Defendants' generic dabrafenib oral capsules according to Defendants' provided instructions and/or label and will directly infringe either literally or under the doctrine of equivalents, at least one claim, including for example claim 1, of the '956 patent.

78.      Upon information and belief, if the FDA approves ANDA No. 221036, Defendants know and intend that physicians, health care providers, and/or patients will prescribe, administer, and/or use Defendants' generic dabrafenib oral capsules according to Defendants' provided instructions and/or label in an infringing manner, and will therefore induce infringement of at least one claim, including for example claim 1, of the '956 patent with the requisite intent under 35 U.S.C. § 271(b).

79.      Upon information and belief, if the FDA approves ANDA No. 221036, Defendants will sell or offer to sell their generic dabrafenib oral capsules with provided instructions and/or label in an infringing manner, wherein Defendants' generic dabrafenib oral capsules are a material part of the claimed invention, wherein Defendants know that physicians will prescribe, health care providers will administer, and/or patients will use Defendants' generic dabrafenib oral capsules in accordance with Defendants' provided instructions and/or label, wherein such use will directly

infringe at least one claim, including for example claim 1, of the '956 patent, wherein generic dabrafenib oral capsules are not staple articles or commodities of commerce suitable for substantial non-infringing use. Upon information and belief, Defendants will thus contribute to the infringement of at least one claim, including for example claim 1, of the '956 patent under 35 U.S.C. § 271(c).

80.     Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed at least one claim, including claim 1, of the '956 patent by submitting, or causing to be submitted to the FDA, ANDA No. 221036 seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of Defendants' generic dabrafenib oral capsules before the expiration date of the '956 patent. Upon information and belief, the dabrafenib oral capsules described in ANDA No. 221036 would infringe, either literally or under the doctrine of equivalents, at least one claim, including claim 1, of the '956 patent under 35 U.S.C. § 271(e)(2)(A).

81.     Upon information and belief, Defendants had actual knowledge of the '956 patent prior to the submission of ANDA No. 221036 to the FDA.

82.     Upon information and belief, Defendants' actions relating to Defendants' ANDA No. 221036 complained of herein were done by and for the benefit of Defendants.

83.     If Defendants' marketing and sale of generic dabrafenib oral capsules prior to the expiration of the '956 patent and all other relevant activities are not enjoined, Novartis will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Novartis requests the following relief:

a)     A judgment that one or more claims of each of the Asserted Patents has been infringed under 35 U.S.C. § 271(e)(2) by Apotex's submission to the FDA of Apotex's ANDA;

b)      A judgment ordering that the effective date of any FDA approval of Apotex's ANDA be no earlier than the latest of the expiration dates of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

c)      A permanent injunction enjoining Apotex, and all persons acting in concert with Apotex, from the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Apotex's ANDA Product, or any other drug product covered by or whose use is covered by one or more claims of one or more of the Asserted Patents, prior to the expiration of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

d)      A judgment declaring that the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Apotex's ANDA Product, or any other drug product which is covered by or whose use is covered by one or more claims of one or more of the Asserted Patents, prior to the expiration of the Asserted Patents, will infringe, induce the infringement, and/or contribute to the infringement of one or more claims of each of the Asserted Patents;

e)      Damages or other monetary relief from Defendants for the infringement, inducement of infringement, and/or contributory infringement of one or more claims of each of the Asserted Patents if one or both of the Defendants engage in the commercial manufacture, use, sale, offer for sale, and/or importation, of Apotex's ANDA Product prior to the expiration of the Asserted Patents, inclusive of any extension(s) and additional period(s) of exclusivity;

f)      A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

g)      Novartis's costs and expenses in this action; and

h)      Such further and other relief as the Court may deem just and proper.

Dated:  February 6, 2026

OF COUNSEL:

John D. Livingstone
M. David Weingarten, Ph.D.
Shannon M. Patrick
FINNEGAN, HENDERSON,
FARABOW, GARRETT & DUNNER, LLP
271 17th St. NW
Suite 1400
Atlanta, GA 30306
(404) 653-6400
john.livingstone@finnegan.com
david.weingarten@finnegan.com
shannon.patrick@finnegan.com

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*Novartis Pharmaceuticals Corporation*